UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

MICHAEL GERARD TENNYSON,

                      Plaintiff,

v.

ALBERTO R. GONZALEZ as ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,

                      Defendant.

---------------------------------------------------------------------x

Civil Action

07 CV

ECF

**COMPLAINT**

Plaintiff Michael Tennyson, through his attorneys the Erlanger Law Firm PLLC, alleges as and for a Complaint against defendant:

## INTRODUCTION

1. Plaintiff is a civil engineer by training. He is a builder and renovator of major commercial properties in Manhattan as well as a successful restauranteur in Manhattan and New Jersey.

2. This action arises from the placement of false and extremely harmful information in plaintiff's criminal history record. Plaintiff was indicted under 18 U.S.C. §§371 and 1001 as the result of voting irregularities during a union election; he ultimately pled guilty to one count of contempt. Notations in plaintiff's criminal history record, however, falsely show him as having been charged with and sentenced for conspiracy to distribute narcotics. These egregious errors have directly resulted in the denial of plaintiff's application for permanent residency and have created additional, entirely unnecessary difficulties in plaintiff's receiving approval on license applications, such as on liquor license applications for his restaurant businesses.

## SUBJECT JURISDICTION and VENUE

3. Plaintiff is a resident of the United States and a citizen of New Jersey.

4. The Attorney General of the United States ("AG") is the chief executive of the U.S. Department of Justice ("DOJ"). Under 28 U.S.C. §534, Congress charged the AG with collecting, preserving, and exchanging criminal records. The Federal Bureau of Investigation (FBI) is an agency of DOJ and maintains criminal record histories on behalf of the AG.

5. Jurisdiction arises under 28 U.S.C. §534 because the only subject of this Complaint is the AG's preserving and exchanging plaintiff's criminal records, which records contain false information.

6. Jurisdiction also arises under 5 U.S.C. §706, which allows the Court to compel agency action unlawfully withheld or unreasonably delayed.

7. There is no statute or federal agency regulation that required plaintiff to seek administrative action prior to commencing this lawsuit.

8. Venue arises in this district under 28 U.S.C. §1391(e).

**FACTUAL BACKGROUND**

9. Plaintiff was a shop steward of the Cement and Concrete Workers District Council, Local 18A.

10. On August 26, 1992, plaintiff was indicted under 18 U.S.C. §§371 & 1001 (No. 92-Cr-709) for allegedly delivering union member ballots to a union business agent, in violation of election rules promulgated by a U.S. District Court judge, during a court-supervised "secret" election of delegates to the Cement and Concrete Workers District Council in 1990.

11. On or about May 7, 1993, the United States Attorney, Southern District of New York, accepted plaintiff's guilty plea to one count of criminal contempt under 18 U.S.C. §402.

12. On May 29, 1993, the plea was entered and accepted by the Hon. Whitman Knapp,

U.S.D.J.

13. On September 22, 1993, plaintiff was sentenced to one year's probation and a $500 fine.

14. On September 27, 1993, the indictment against plaintiff was dismissed and his plea was docketed as a judgment (#94, 1098) on June 1, 1994. The judgment was entered by the Clerk of the Court on June 6, 1994.

15. Plaintiff's criminal history record contains false "notations" that he was charged with and sentenced for conspiracy to distribute narcotics.

16. As the direct result of DOJ's conduct, the U.S. Citizenship and Immigration Services (USCIS) notified plaintiff on October 4, 2005 that his application to "Register Permanent Residence" was denied because "[o]n or about August 31, 1992" plaintiff was "charged with conspiracy to distribute narcotics in New York. "You plead [sic] and were fined $500 and placed on one year probation."

17. Plaintiff has never been convicted of, much less arrested, charged with, or indicted for, any offense remotely related to narcotics.

18. Not coincidentally, the charge referred to by USCIS was made at the same time as the indictment under 18 U.S.C. §§371 & 1001.

19. Not coincidentally, the sentence referred to by USCIS was exactly the same as the sentence for plaintiff's guilty plea under 18 U.S.C. §402, one year's probation and a $500 fine.

20. USCIS obtained inaccurate and highly damaging information from plaintiff's criminal record history maintained by the FBI.

21. Plaintiff filed a motion to reopen USCIS's decision denying his permanent residence

application, in or about November 2005, on the grounds that he was never charged with or convicted of any crime involving narcotics. This motion constituted plaintiff's application under 28 C.F.R. §16.34 to the FBI to correct the erroneous and damaging information in his criminal record history.

### FIRST CLAIM FOR RELIEF
(28 U.S.C. §534 & 5 U.S.C. §706)

22. Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 21 as if more fully set forth herein.

23. The AG, including the agencies that report to him, is statutorily responsible for correcting inaccurate information or misinformation in criminal record histories.

24. It has been more than one and 1/2 years since the request was made to the FBI through USCIS to correct the inaccuracies in plaintiff's criminal record history. To date, the FBI has failed to correct plaintiff's criminal record history.

25. As the direct result of the FBI's inaction, plaintiff has had needless and continuing problems with liquor license applications, among other things, which require a routine criminal background check.

26. The FBI's correction of plaintiff's criminal record history has been unlawfully withheld or unreasonably delayed.

### SECOND CLAIM FOR RELIEF
(Declaratory Judgment - 28 U.S.C. §2201)

27. Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 26 as if more fully set forth herein.

28. Plaintiff is entitled to have entirely accurate entries in his criminal record history.

29. Plaintiff's criminal record history contains inaccurate and damaging information because he has never been convicted of, much less arrested, charged with, or indicted for, any offense related to narcotics.

30. Plaintiff seeks a declaration under 28 U.S.C. §2201 that he has never been arrested, charged with, indicted for, or convicted of any offense related to narcotics.

WHEREFORE plaintiff Michael Tennyson demands that the Attorney General of the United States of America immediately correct his erroneous criminal record, or alternatively, he respectfully requests that the Court declare that he has never been arrested, charged with, indicted for, or convicted of any criminal offense related to narcotics, and that he be granted reasonable attorneys' fees, costs, and such other and further relief as may be deemed just and proper.

Dated: New York, New York
      July 5, 2007

                            ERLANGER LAW FIRM PLLC
                            Attorneys for Plaintiff Michael Tennyson


                            By: s/ Robert K Erlanger
                                Robert K. Erlanger (RE 0886)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
07 CV 6121 (LAP)

MICHAEL GERARD TENNYSON,

Plaintiff,
v.

ALBERTO R. GONZALEZ as ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,

Defendant.

**COMPLAINT**

**ERLANGER LAW FIRM PLLC**
Attorneys for Plaintiff
1170 Broadway, Suite 1206
New York, NY 10001
Tel. (212) 686-8045